UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No. 8:11-cr-309-TPB-TGW

MIGUEL ANTONIO TORRES,

     Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Miguel Torres's motion for compassionate release, filed *pro se* on July 24, 2024. (Doc. 124). On August 6, 2024, the Government filed its response. (Doc. 127). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On June 7, 2011, a grand jury charged Defendant, along with a co-defendant, with armed robbery, carjacking, and aiding and abetting the brandishing of a firearm during a crime of violence. The charges stemmed from the robbery of a CVS Pharmacy, as well as multiple carjackings committed to evade capture by law enforcement. Defendant pleaded guilty to Counts III and V of the indictment, acknowledging that the counts carried consecutive mandatory sentences of 7 years and 25 years, and maximum sentences of life imprisonment. On January 10, 2012, the Court sentenced Defendant to a total of 384 months imprisonment, the statutory *minimum* for the offenses.

Defendant, who is now 44 years old, is currently incarcerated at FCI Williamsburg, and he is projected to be released in 2039. In his motion, Defendant

requests that the Court modify or reduce his sentence to release him from federal prison. Specifically, Defendant argues that a change in the law has produced a gross disparity between the sentences he is serving and the sentences he would receive if he were sentenced for the same offenses today. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[1] The Government argues that an unusually long sentence is not a valid basis for

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

compassionate release because the Sentencing Commission exceeded its congressionally delegated authority in promulgating subsection (b)(6). It appears that there is a circuit split as to whether an intervening change in the law may present extraordinary and compelling circumstances warranting a reduction of sentence.[2]

The Court need not pick a side in this split of authority. Even if the Court were to consider the intervening change in law, the applicable Section 3553(a) factors weigh heavily against granting compassionate release in this case.[3] Defendant was convicted of serious offenses after participating in an armed robbery – while his codefendant removed over 7,000 pharmaceutical drugs from a safe, Defendant kept other victims at bay. Both defendants fled in a vehicle that crashed, so they carjacked a victim to continue their flight from law enforcement.

---

[2] The majority of circuits have concluded that an intervening change in the law is neither extraordinary nor compelling. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022) (en banc); *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185, 1198-1200 (D.C. Cir. 2022); *see also United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (unpublished). However, four circuits have held that a change in law can form part of an individualized assessment of whether to grant a sentence reduction when in combination with other case-specific factors. *See United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020); *United States v. Chen*, 48 F.4th 1092, 1097-1098 (9th Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1047-1048 (10th Cir. 2021). The Eleventh Circuit has not yet decided this issue.

[3] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

Later that same day, the defendants carjacked *a second victim at gunpoint*. To be frank, despite the serious nature of the charges, Defendant received a relatively lenient sentence in exchange for his plea. Defendant received the *minimum* sentence possible under the statute and received a *significant benefit* by having an additional § 924(c) charge dismissed. Had Defendant not received this benefit in his plea agreement, his minimum mandatory sentence would have been 684 months, rather than the 384 months he actually received. Defendant cannot show that his sentence was unusually long.

Defendant also has a notable criminal history and presents a danger to the community. He has multiple criminal convictions, including crimes of violence, starting from when he was fourteen years old. His criminal conduct has escalated with each conviction. Furthermore, Defendant has continued to receive disciplinary infractions while incarcerated, including sanctions for the possession of dangerous weapons and the possession of intoxicants. Given the seriousness of Defendant's crimes, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 27th day of August, 2024.

*[signature]*

TOM BARBER
UNITED STATES DISTRICT JUDGE